IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:10-CR-70-FL-2
7:13-CV-76-FL

| | | |
|---|---|---|
| SABINO TORRES-FLORES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on petitioner's motion (D.E. 49, 51[1]) to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("petition" or "§ 2255 petition") and

the government's motion to dismiss (D.E. 58).[2] The petition and motion to dismiss were referred

to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255

Rules"). (*See* D.E. dated 13 Sept. 2013). For the reasons stated herein, it will be recommended

that the government's motion to dismiss be granted and the petition be dismissed.

## BACKGROUND

### I.    Procedural History

On 16 June 2010, petitioner was charged by indictment (D.E. 1) with:  conspiracy to

distribute and possession with intent to distribute 5 kilograms or more of cocaine in violation of

---

[1] In his original petition (D.E. 49) filed 18 April 2013, petitioner alleged five grounds. In response to the court's order (D.E. 50) directing him to refile his petition on the correct form, petitioner filed an amended petition (D.E. 51) that included only four of the five grounds raised in the original petition. However, throughout the amended petition, petitioner references an "attached memorandum." (*See, e.g.*, Am. Pet. 4). Since no memorandum was filed with the amended petition, the court assumes that petitioner is referring to the original petition, which was in the form of a memorandum, and thereby indicating his intent to include all of the issues raised therein in the amended petition.

[2] The government filed a supporting memorandum (D.E. 59) in support of its motion, and petitioner filed a response (D.E. 64) in opposition to the government's motion.

21 U.S.C. §§ 841(a)(1), 846 (ct. 1); possession with intent to distribute 500 kilograms or more of cocaine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 2); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(a) (ct. 3); possession of a firearm by an alien illegally in the United States in violation of 18 U.S.C. §§ 922(g)(5), 924 (ct. 4); eluding examination and inspection by immigration officers in violation of 8 U.S.C. § 1325(a) (ct. 5); and opening, using, and maintaining a dwelling for the purpose of distributing cocaine, and aiding and abetting the same, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (ct. 6).

On 13 September 2010, petitioner pled guilty (D.E. 21) to counts 1 and 3 pursuant to a plea agreement (D.E. 23). On 21 January 2011, he was sentenced to 180 months' imprisonment and 5 years' supervised release, and counts 2, 4, 5, and 6 of the indictment were dismissed (*see* 21 Jan. 2011 Minute Entry (D.E. 28)), and judgment was entered on 2 February 2011 (Am. J. (D.E. 31) 1-3).[3] On 17 October 2011, petitioner appealed his conviction and sentence, but the appeal was dismissed as untimely. (*See United States v. Torres-Flores*, No. 11-5013 (4th Cir. 26 Apr. 2012) (D.E. 44)). On 21 February 2013, petitioner filed a motion in this court for an extension of time to file a § 2255 petition. (D.E. 47). On 11 March 2013, the court denied the motion on the grounds that it did not have jurisdiction to consider the motion because, at that time, a § 2255 petition had not been filed. (11 Mar. 2013 Order (D.E. 47) 2).

Petitioner filed his original and amended § 2255 petitions now before the court on 18 April 2013 and 30 April 2013, respectively. Following referral of the petitions and the government's motion to dismiss to the undersigned, the matter was set for hearing (*see* 7 Mar. 2014 Hrg. Order (D.E. 65)) on the claim raised in Ground 2 of the petition, in which petitioner

---

[3] Judgment was originally entered on 28 January 2011 (D.E. 29), but was later amended to correct the amount of the special assessment imposed (*see* D.E. text at D.E. 31).

asserted that he received ineffective assistance of counsel due to counsel's failure to object to prosecutorial misconduct. (*See* Pet. 9-11,[4] Ground 2; Am. Pet. 5, Ground 2). The court also specified that it would hear evidence on the issue of whether petitioner's claims were timely filed. (7 Mar. 2014 Hrg. Order 2). The court further directed the parties to file supplemental memoranda on the prosecutorial misconduct and timeliness issues prior to the date of the hearing. (*Id.*).[5] By separate order, the court appointed counsel for petitioner, whose representation was limited to the matters set for hearing. (*See* 7 Mar. 2014 Aptmnt. Order (D.E. 66)).

Petitioner did not file a supplemental memorandum by the specified deadline. However, four days after the deadline, petitioner filed a motion (D.E. 86) to withdraw Ground 2 of his petition. This motion did not address the timeliness of his claims. The government filed a timely supplemental memorandum (D.E. 85) in which it argued that Ground 2 should be dismissed on the merits[6] and that all of petitioner's claims were untimely.[7] Thereafter, the court allowed petitioner's motion to withdraw Ground 2 and cancelled the hearing. (*See* 27 May 2014 Order (D.E. 87)). Accordingly, the court will now address the remaining claims raised in the petition.

---

[4] All page citations to the original petition and amended petitions are to page numbers assigned by the court's CM/ECF electronic filing system.

[5] The hearing was subsequently continued on two occasions. (*See* D.E. 72, 76).

[6] The government acknowledged that petitioner was withdrawing Ground 2, but out of caution presented its argument on the merits of this claim. (Gov. Supp. Mem. 2).

[7] The court notes that the government did not initially raise the issue of timeliness in its motion to dismiss petitioner's complaint, but rather sought dismissal only on the merits.

3

## II.    Petitioner's Remaining Claims

Petitioner's remaining claims are that he received ineffective assistance of counsel on the grounds that counsel: (1) failed to file a timely notice of appeal at petitioner's request[8] (Pet. 8, Ground 1; Am. Pet. 4, Ground 1); (2) negotiated a plea agreement despite the lack of evidence to support the charges (Pet. 17-18, Ground 4; Am. Pet. 8, Ground 4[9]); (3) failed to properly investigate the basis for the charges (Pet. 17-18, Ground 4); (4) did not properly advise petitioner regarding the guilty plea and the elements of the offenses (*id.*); (5) failed to argue that under "the corroboration requirement" petitioner's two convictions cannot stand (*id.*); and (6) failed to object when petitioner's sentence was imposed as a result of an incorrect application of the U.S. Sentencing Guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005) (Pet. 19-20, Ground 5). In addition to these claims of ineffective assistance of counsel, petitioner contends that there was an insufficient factual basis to sustain his conviction on counts 1 (drug conspiracy) and 3 (firearm possession). (Pet. 12-16, Ground 3; Am. Pet. 7, Ground 3).

## DISCUSSION

## I.    Applicable Legal Principles

### A.    Standard of Review for § 2255 Petitions

Under 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in

---

[8] The court notes that the allegations made by petitioner in the original petition as to the filing of a notice of appeal are inconsistent. In the statement of facts section of the original petition, petitioner alleges that he had "filed a notice of appeal deemed timely" (Pet. 7), while later asserting that "[d]efense counsel did file a notice of appeal, but he did it untimely" (Pet. 8). As explained above, the only notice of appeal that was filed in this case was the untimely notice filed by petitioner on 17 October 2011.

[9] This claim, as included in Ground 4 of the amended petition, is that petitioner's "[c]ounsel negotiated a plea agreement." (Am. Pet. 8, Ground 4). It appears that petitioner intended to raise the same claim that he raised in Ground 4 of the original petition that "[c]ounsel negotiated a plea agreement despite the lack of evidence for the charges he faced," but failed to include the last portion of the sentence. (Pet. 17-18, Ground 4).

4

excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing § 2255 Proceedings provides that the courts must promptly review § 2255 petitions along with "any attached exhibits, and the record of prior proceedings" to determine if the petitioner is entitled to any relief. § 2255 Rule 4(b). If the court concludes that the petitioner is not entitled to relief, it must dismiss the petition. *Id.* Otherwise, it must direct the United States Attorney to file a response. *Id.* Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

## B.     Statute of Limitations

Claims filed under § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

## II.     Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## III.     Petitioner's Claims are Untimely

The court concludes that each of petitioner's remaining claims is untimely under 28 U.S.C. § 2255(f).[10] First, both the original and amended petitions were filed more than one year after the amended judgment became final, thereby making them untimely under § 2255(f)(1). Specifically, the amended judgment was entered on 2 February 2011. Petitioner was therefore required to file a notice of appeal by 16 February 2011, or 14 days after entry of the amended judgment. *See* Fed. R. Crim. P. 4(b)(1). Because petitioner did not file a notice of appeal within this 14-day time period, the judgment became final on 16 February 2011. Accordingly, the one-year statute of limitations under § 2255(f)(1) expired on or about 16 February 2012. Petitioner filed his original § 2255 petition on 18 April 2013, more than 14 months after the expiration of the limitations period.

While petitioner did file an untimely appeal on 17 October 2011, more than 8 months after the entry of the judgment, the untimely filing of a notice of appeal does not toll the one-year

---

[10] The court acknowledges the Fourth Circuit's directive in *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) that a court must provide notice to a petitioner before *sua sponte* dismissing a petition as untimely—*i.e.*, where the government has not moved to dismiss on the grounds of untimeliness—"unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [the habeas statute's limitation provisions]." *Id.* at 707. As noted above (*see* p. 3 & n.7), although the government did not address the timeliness of petitioner's claims in its motion to dismiss the petition, the court specifically directed the parties to address the issue in their supplemental memoranda, which petitioner failed to do. Accordingly, the court concludes that petitioner has received adequate notice of and the opportunity to be heard on the timeliness issue as required by *Hill*.

6

statute of limitations for filing a § 2255 petition. *See Jefferson v. United States*, No. 5:09-CR-251-FL-1, 2014 WL 324625, at *7 (E.D.N.C. 28 Jan. 2014) ("[A]n untimely notice of appeal filed after the appeal period expired, does not affect the finality of the conviction by restarting the one-year limitations period." (collecting cases)); *see also United States v. Terrones-Lopez*, 447 Fed. Appx 882, 885 (10th Cir. 2011) ("Defendant's untimely notices of appeal did not delay the onset of the limitations period."). Therefore, petitioner's untimely notice of appeal did not prevent expiration of the limitations period on 16 February 2012.

Neither is the petition timely under § 2255(f)(2) or (3). Petitioner does not allege facts that would suggest the government created any impediment to the filing of a petition, *see* § 2255(f)(2), nor does he assert as a basis for any of his claims a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2255(f)(3).

Finally, petitioner has made no assertion that he discovered new facts supporting any of his claims that would trigger the application of § 2255(f)(4). He also has not alleged any facts in his petition that would otherwise suggest this provision applies.

Nonetheless, regarding petitioner's claim that counsel failed to file a timely appeal, the court notes that in his pro se notice of appeal, petitioner indicated that he was not sure if his counsel had filed an appeal as instructed and that he had been unable to obtain the court's address to inquire about the status of the appeal because he had been housed in a special housing unit ("SHU") since he had arrived at the correctional facility. (Not. of App. (D.E. 34) 1). But even had petitioner asserted in his petition that these circumstances constituted new facts that rendered his claim timely under § 2255(f)(4) or, alternatively, by equitably tolling the deadline in § 2255(f)(1), petitioner has failed to allege facts demonstrating that he exercised the due

7

diligence required for either of these provisions to apply. *See* § 2255(f)(4) (providing that the limitations period starts from the date new facts could have been discovered "through the exercise of due diligence"); *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008) (holding that, to be entitled to equitable tolling, a petitioner must demonstrate that he pursued his rights diligently).

Petitioner's lack of diligence is apparent from his failure to inquire about the status of his appeal for over eight months after the judgment became final, especially given that the court explained to him at his sentencing hearing that he had 14 days after entry of the judgment to file an appeal. (Sent. Hrg. Trans. (D.E. 39) 8:12-18). Petitioner has alleged no facts that would indicate that he could not have, through due diligence, discovered that counsel had not filed an appeal earlier than October of 2011, when he filed his pro se appeal. *See Moore v. United States*, 438 Fed. Appx 445, 450 (6th Cir. 2011) (declining to equitably toll the statute of limitations for petitioner's claim that his counsel failed to file a notice of appeal where petitioner was aware of the requirements for filing a notice of appeal and where there was no evidence that petitioner had checked the status of his appeal before discovering that it had not been filed eight months after the appeal deadline had expired); *United States v. Crawley*, No. 3:07CR488, 2012 WL 32402, at *2 (E.D. Va. 5 Jan. 2012) (holding that petitioner was not entitled to equitable tolling where he was aware of the time limit for filing an appeal and he "fail[ed] to allege any facts indicating that he diligently followed up on his appeal request or acted upon counsel's lack of communications"), *appeal dismissed*, 474 Fed. Appx. 213 (4th Cir. 2012)

Further, the fact that petitioner was housed in a SHU is also insufficient to excuse his failure to monitor the status of his appeal. Courts have specifically rejected this circumstance as a ground for equitable tolling. *See Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir.

8

2013) (holding that, absent a showing that petitioner was unable to correspond with the court, "[petitioner's] five-month confinement in the [SHU] does not constitute an extraordinary circumstance warranting the application of equitable tolling"); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that equitable tolling is not justified "simply because [a petitioner] remained in administrative segregation and had limited access to the law library and copy machine" (internal quotations omitted)); *Vincent v. United States*, No. CRIM.A. 1:10CR-4-M, 2013 WL 149710, at *3 (W.D. Ky. 14 Jan. 2013) (concluding that petitioner's confinement in the SHU did not warrant equitable tolling where petitioner failed to explain how it prevented him from filing a motion with the court); *Reese v. United States*, No. 11-CV-5432 DLI, 2012 WL 195607, at *2 (E.D.N.Y. 23 Jan. 2012) ("Simply being placed in the SHU alone does not constitute a basis for equitable tolling."); *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) ("[P]rison conditions, such as lockdowns or misplacement of legal papers, [are not] normally grounds for equitable tolling.").

Moreover, assuming that petitioner could adequately justify his eight-month delay in inquiring about the status of his appeal, he was put on notice that counsel had not filed an appeal on 18 October 2011, when this court served him with the Appeal Transmittal Sheet (D.E. 36) for his pro se appeal indicating that this was the first notice of appeal filed in his case (*see id.* (indicating "First [Notice of Appeal] in Case"). Despite this confirmation by the court that his counsel had not filed an appeal as petitioner allegedly directed, petitioner did not file his § 2255 petition for another 18 months.

For the foregoing reasons, the court concludes that each of petitioner's remaining claims is untimely. They should accordingly be dismissed.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss (D.E. 58) be GRANTED and that the original petition (D.E. 49) and the amended petition (D.E. 51) be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to the respective parties or, where applicable, their counsel, who shall have until 28 October 2014 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 14th day of October 2014.

James E. Gates
United States Magistrate Judge