IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-70-FL-2
NO. 7:13-CV-76-FL

| | |
|---|---|
| SABINO TORRES-FLORES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, (DE 49, 51), and respondent's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE 58). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), wherein it is recommended that petitioner's motion be denied and the government's motion to dismiss petitioner's § 2255 motion be granted. (DE 90). Petitioner filed objections, and respondent has replied. In this posture the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R, grants respondent's motion to dismiss, (DE 58), and dismisses petitioner's motion. (DE 49, 51).

## BACKGROUND

On June 16, 2010, petitioner was indicted on six charges: (1) conspiracy to distribute, and possession with intent to distribute, 5 kilograms or more of cocaine; (2) possession with intent to distribute 500 kilograms or more of cocaine, and aiding and abetting; (3) possession of a firearm in

furtherance of a drug trafficking offense; (4) possession of a firearm by an alien illegally in the United States; (5) eluding examination and inspection by immigration officers; and (6) opening, using, and maintaining a dwelling for the purpose of distributing cocaine, and aiding and abetting. (DE 1). Thereafter, on September 13, 2010, pursuant to a written plea agreement, petitioner pleaded guilty to counts 1 and 3. On January 21, 2011, petitioner was sentenced to 180 months imprisonment and 5 years of supervised release. Pursuant to the terms of the plea agreement, counts 2, 4, 5, and 6 were dismissed. An amended judgment, correcting an administrative error on the face of the original, was entered on February 2, 2011. Petitioner did not appeal within the allotted 14-day time period.

On October 17, 2011, more than eight months after the judgment against him became final, petitioner appealed his conviction and sentence. On April 26, 2012, the Fourth Circuit dismissed his appeal as untimely. Thereafter, petitioner took no further action in his case until February 21, 2013, at which time he moved this court for an extension of time to file a § 2255 motion. (DE 47). The court denied his motion because, as petitioner had no pending § 2255 motion at that time, the court was without jurisdiction to consider his motion for extension of time. (DE 48).

With regard to the instant motion, petitioner filed his original § 2255 motion on April 18, 2013. (DE 49) Thereafter, on April 30, 2013, petitioner filed an amended § 2255 motion pursuant to a directive from this court regarding errors in the form of the original. (DE 51). Neither petitioner's original nor his amended motion requested an extension of time.

In his amended motion, petitioner asserts five grounds for relief: (1) ineffective assistance of counsel with respect to failure to file a timely notice of appeal; (2) ineffective assistance of counsel with respect to failure to object to prosecutorial misconduct; (3) insufficient factual basis

to sustain a conviction on Counts 1 and 3 of the indictment; (4) ineffective assistance of counsel where counsel negotiated a plea agreement despite a lack of evidence and did not properly advise petitioner regarding the elements of each offense; and (5) ineffective assistance of counsel where counsel did not object to petitioner's sentences, which were imposed as a result of an incorrect application of the advisory United States Sentencing Guidelines. In response, on July 26, 2013, the government filed a motion to dismiss. (DE 58).

Petitioner's amended motion was set for hearing before a United States Magistrate Judge with regard to Ground 2 contained therein. Prior to the hearing, the court, acting on its own initiative, questioned the timeliness of the motion. Accordingly, the court alerted petitioner it also would hear evidence on the issue of timeliness and directed the parties to file supplemental memoranda on the same. Petitioner was appointed counsel to assist in the preparation of petitioner's case with respect to the issues set for hearing.

Petitioner filed no memorandum, but instead, on May 19, 2014, moved to withdraw Ground 2 of his petition. The motion to withdraw also failed to address the timeliness of petitioner's claims. In any case, in response to the court's order, the government timely filed a memorandum wherein it argued that petitioner's motion was barred under the applicable statute of limitations. (DE 85). Thereafter, the court allowed petitioner's motion to withdraw Ground 2 and terminated the hearing. (DE 87).

On October 14, 2014, the magistrate judge issued a M&R addressing the remaining claims alleged in petitioner's § 2255 motion. As relevant here, the magistrate determined all petitioner's claims were barred as untimely, as they were filed outside the applicable statute of limitations. In particular, the magistrate noted that the original and amended petitions both were filed more than

one year after the amended judgment became final on February 16, 2011, 14 days after petitioner declined to exercise his right to appeal. Further, the magistrate determined that, even though petitioner untimely filed an appeal, such filing did not toll the one year statute of limitations.

In addition, the magistrate judge then analyzed the remaining statutory grounds, which potentially could support the motion's timeliness, but determined none were applicable. Finally, the magistrate judge determined that petitioner also was not entitled to relief pursuant to the equitable tolling doctrine, as petitioner had made no showing that he exercised due diligence in pursuit of his claims. Accordingly, the M&R recommends denying petitioner's 2255 motion as untimely. Petitioner's objections followed.

## DISCUSSION

**A.     Standard of Review**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).
4

**B.      Analysis**

At the outset, the court notes that petitioner, through counsel, failed to file properly his objections. On December 2, 2014, petitioner filed a motion to file objections one day out of time. (DE 97). Attached thereto were petitioner's "proposed objections." (DE 97-2). Although the motion was granted, the court ordered petitioner, through counsel, to file his objections in final form by December 8, 2014. (DE 98). Petitioner, through counsel, did not. Counsel is admonished that this oversight is in direct violation of a court order. Nevertheless, the court turns to consideration of the proposed objections and construes them to be petitioner's actual objections to the M&R.

Petitioner argues that the magistrate judge erred in his determination that petitioner's § 2255 motion was untimely. The court overrules petitioner's objection and adopts the M&R as its own.

Section 2255 contains a one-year limitations period, wherein a motion to vacate, set aside, or correct must be filed. Motions filed outside of the one year statute of limitations are untimely and may be dismissed as such. The date on which the limitations period begins to accrue is variable. Specifically, the one-year statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. 2255(f).  In addition, under appropriate circumstances, the limitations period may be equitably tolled, thereby affording petitioner a longer period of time in which to file a § 2255 motion.  In particular, equitable tolling may apply where petitioner can present "(1) extraordinary circumstances; (2) beyond his control or external to his own conduct; (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).  With these principles in mind, the court turns to petitioner's objection.

In his objections, petitioner suggests the magistrate judge erred in recommending petitioner's motion be dismissed *sua sponte*, without a motion to dismiss on this basis by the government.  Petitioner otherwise advances no arguments in support of the timeliness of his claim, but rather urges the court to address the merits of his underlying claims.

In certain circumstances, courts, acting on their own, may dismiss as untimely motions made under § 2255.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n.4 (4th Cir. 2004) (applying Hill to motions under § 2255).  To do so, "the court must warn the prisoner that the case is subject to dismissal, " and provide the petitioner with the opportunity to respond.  Hill, 277 F.3d at 706-07.  However, "particularly detailed notice is not necessary." Id. at 708.  In addition, prior to a *sua sponte* dismissal, the court must consider prejudice to the movant and the interest of justice.  Day v. McDonough, 547 U.S. 198, 209 (2006).

In this case, petitioner was provided with adequate notice and an opportunity to respond.  In particular, the magistrate questioned the timeliness of the petition and directed petitioner to submit to the court supplemental briefing on that issue.  The court's directive provided petitioner with adequate notice that his claims potentially were subject to dismissal.

6

In addition, the court's directive afforded petitioner the opportunity to respond to allegations of untimeliness. Petitioner was to have a hearing on Ground 2 and timeliness and was appointed counsel to assist in preparation. Although petitioner did not file any briefing on the issue, he was afforded the opportunity to do so.

Finally, upon consideration of prejudice to petitioner and the interest of justice, dismissal is warranted. Here, dismissal results in little prejudice to petitioner, as he previously was given the opportunity to address the timeliness issue before the magistrate judge. Any lack of information bearing on the timeliness of petitioner's motion is a direct result of his failure to pursue diligently his rights. In addition, as petitioner filed his § 2255 motion more than two years after his original conviction became final, more than 14 months after the statute of limitations for filing a § 2255 motion expired, and in view of policies favoring finality, the interest of justice also weighs in favor of dismissal. See Teague v. Lane, 489 U.S. 288, 308 (1989).

Petitioner suggests equitable tolling is warranted in this case because he asked his attorney to file an appeal, but his attorney did not. However, error of counsel is not a basis for equitable tolling of the § 2255 limitations period. See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000).

Petitioner's motion must be dismissed where petitioner was afforded adequate notice and opportunity to respond to allegations of untimeliness but failed to do so, resulting in little prejudice to him, and where the interests of justice so dictate. In sum, petitioner's § 2255 motion must be dismissed as untimely, and petitioner has not alleged a valid basis for equitable tolling.[1]

---

[1] The court notes that petitioner filed a second objection to the M&R, wherein he argues he is entitled to a hearing on the claims asserted in this § 2255 motion. However, the court need not address petitioner's remaining objection, where all of petitioner's claims are untimely and petitioner thus is not entitled to a hearing on any alleged
(continued...)

## C. Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

---

[1](...continued)
ground for relief.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own. Petitioner's motion to vacate is DENIED. (DE 49, 51). Respondent's motion to dismiss is GRANTED. (DE 58). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge